O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EFRAIN SANDOVAL-
ARELLANO,

               Petitioner,

        v.

MARKWAYNE MULLIN, et al.,

             Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:26-cv-02100-SP

**MEMORANDUM OPINION AND
ORDER GRANTING PETITION**

**I.**

**INTRODUCTION**

On April 24, 2026, petitioner Efrain Sandoval-Arellano, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends that his detention without a bond hearing violates due process under the Fifth Amendment, the Immigration and Nationality Act ("INA"), and Administrative Procedure Act ("APA"). Petitioner seeks immediate release from immigration custody or, in the alternative, a bond hearing, as well as declaratory relief.

1

On May 1, 2026, respondents filed a Response conceding that petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Response at 2.

For the reasons discussed below, the court grants the Petition and issues a writ of habeas corpus enjoining Respondents from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States in 1995. Petition at 2, 7; *see* https://acis.eoir.justice.gov/en/.  Petitioner has resided continuously in the United States since then, owns a business, is the father of three United States citizens, and is the grandfather of three United States citizens.  Petition at 2, 7.

On March 13, 2026, ICE officers arrested him on his way to work and transferred him to Adelanto.  *Id*. at 2, 8.  Petitioner was issued a Notice to Appear charging inadmissibility under INA § 212(a)(6)(A)(i).  *Id*. at 8.  Petitioner is currently in removal proceedings and has been denied a bond hearing before an Immigration Judge on the ground that the immigration court lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  *Id*. at 8; *see* https://acis.eoir.justice.gov/en/.

## III.

## DISCUSSION

In *Maldonado Bautista*, the court declared that "Bond Eligible class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  *Maldonado Bautista*, 2025 WL 3678485, at *1.  The Bond Eligible Class certified in *Bautista* is defined to include: "All noncitizens in the United States without

2

lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127. The *Maldonado Bautista* court also later vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*,[1] finding it contrary to current law under the Administrative Procedure Act. *See Bautista v. Santacruz*, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026), appeal filed, *sub nom. Bautista v. U.S. DHS*, No. 26-1044 (9th Cir. Feb. 23, 2026).

The declaratory relief issued by the *Maldonado Bautista* court has "the force and effect of a final judgment or decree" and respondents are legally obligated to comply with the court's order. 28 U.S.C. § 2201; *see also Herrera v. Lyons*, 2026 WL 859172, at *3 (C.D. Cal. Mar. 16, 2026) (citations omitted). Although the final judgment in *Maldonado Bautista* has been partially stayed pending appeal, the stay applies only "insofar as [it] extends beyond the Central District of California." *See Bautista*, No. 26-1044, docket no. 5 at 1 (9th Cir. Mar. 6, 2026). Therefore, the declaratory judgment remains in effect in this district.

Respondents concede that petitioner appears to be a member of the Bond Eligible Class subject to the *Maldonado Baustista* judgment. Petitioner appears to have entered without inspection, was not apprehended upon arrival, and is not subject to detention under § 1226(c), § 1225(b)(1), or § 1331. Petitioner is therefore entitled to an individualized bond hearing under § 1226(a), and the court grants the Petition consistent with the declaratory judgment in *Maldonado Bautista*.

---

[1] *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holds that "mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without inspection even if apprehended within the United States and not at the border." *Kun v. Janecka*, 2026 WL 931541, at *5 n.4 (C.D. Cal. Apr. 3, 2026).

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment be entered granting the Petition; (2) respondents shall provide petitioner with an individualized bond hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a) within seven days of this order, and shall release petitioner if no bond hearing is held within seven days; and (3) respondents shall file a status report no later than May 18, 2026 confirming that petitioner has received a bond hearing or has been released from respondents' custody.

Dated: May 7, 2026

_____
SHERI PYM
United States Magistrate Judge

4